**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

AGNES GEORGES,

                                    Plaintiff,

            v.                                              No. 1:17-CV-1246
                                                            (DNH/CFH)
LEVY RATHNER and FELIX PHILLIPE,

                                    Defendants.

_____

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff pro se Agnes Georges commenced this action on November 13, 2017

with the filing of a complaint.  Dkt. No. 1 ("Compl.).  In lieu of paying this Court's filing

fee, plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP").  Dkt. No. 2.  Plaintiff

also filed a Motion for Appointment of Counsel.  Dkt. No. 3.  After reviewing plaintiff's

IFP application, Dkt. No. 2, the undersigned determines that plaintiff qualifies to

proceed IFP.[2]


### I.  Initial Review

### A.  Legal Standards

        Section 1915(e) of Title 28 of the United States Code directs that, when a

_____

        [1]   This matter was referred to the undersigned for report and recommendation pursuant to 28
U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

        [2]  Plaintiff is advised that, despite being granted IFP status, she will still be required to pay any
costs she incurs in this action, such as copying fees or witness fees.

plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action.  As plaintiff is representing himself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

> Further, Rule 10 of the Federal Rules provides in pertinent part that:
> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court

3

generally affords the plaintiff leave to amend the complaint.  Simmons v. Abruzzo, 49

F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has

stated "enough facts to state a claim to relief that is plausible on its face."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citation omitted).


### B.  Plaintiff's Complaint

Plaintiff's complaint in this action is written on a form for complaints filed

pursuant to the Americans with Disabilities Act ("ADA").  See Compl.  Plaintiff's

complaint is a difficult to follow stream of consciousness.  See id. Although plaintiff

checks the boxes on the form complaint that her claims involve a failure to employ,

termination of employment, and retaliation, it is entirely unclear how defendants

discriminated against her on the basis of a disability.  Plaintiff does not identify that she

is a "person with a disability within the meaning of the ADA".  Id. at 3; Shannon v. N.Y.

City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003).  Further, she does not contend that

she was ever employed by any of the named defendants or explain how she suffered

an adverse employment action due to her disability at the hands of defendants.  Id.

Moreover, plaintiff indicates, through checking boxes on the Civil Cover sheet, that her

case involves several additional areas of the law, but does not explain how her case

involves any of these areas of the law.  Dkt. No. 1-1.  Plaintiff checks the boxes

4

indicating that her lawsuit also involves: (1) contract: recovery of defaulted student loans; (2) personal injury: assault, libel, slander, motor vehicle, motor vehicle product liability, health care/pharmaceutical personal injury; (3) personal property: other fraud, truth in lending; (4) civil rights: other civil rights, employment, education; (5) labor: labor/management relations, Family and Medical Leave Act; (6) Bankruptcy: Appeal 28 USC 158, Withdrawal 28 USC 157; and (7) Other Statutes: False Claims Act, Racketeer Influenced and Corrupt Organizations, Cable/Sat TV, Environmental Matters, Freedom of Information Act.  Id. at 1.

Plaintiff's complaint completely fails to meet the pleading guidelines of Federal Rules of Civil Procedure 8 and 10.  Plaintiff makes unexplained references to a "network" which appears to be involved in a conspiracy against her to improperly label her as HIV positive, cause her to be dismissed from school, suspend her passport to her native country, and commit various crimes against her.  Id. at 3-4.  Plaintiff names as defendants in the caption Levy Rathner and Felix Phillpe, but lists as defendants within the form complaint "Police Headquarter two of them" and "212-777-777 PC Company in NY City."  Compl. at 2.  However, plaintiff does not explain how any of these defendants are personally involved in any violation of a federal law or right. Further, plaintiff sets forth no cognizable avenue for relief.  In her prayer for relief, plaintiff makes states:

> I will be back to social service to see what they have on file for me, break my disability request, go back to work even if I don't feel like it until I hear from US Attorney/District in Albany, you know why is because all crime made in Albany, NY, unemployment, child maltreatment, Discrimination, Divorce + elses.

Id. at 4.  As plaintiff's complaint fully fails to permit this Court to assess the nature of her claims, it is the undersigned's opinion that it must be dismissed.

Plaintiff has commenced at least seven other actions within this district in the last year.  The undersigned's review of those cases reveal that all of them have either been dismissed or recommendations for dismissal are pending.[3]  In addition, review of these cases suggest that they are all about the same or related matters, as they appear to reference similar defendants, discuss "networks," and defendants committing various crimes against plaintiff and/or her family.  See n.3, supra. Thus, although pro se plaintiffs generally are to be accorded an opportunity to amend prior to outright dismissal, such opportunity is not recommended here, as it is clear from plaintiff's complaint and her previous filings, that any attempt at an amended complaint would be futile.  Accordingly, it is recommended that plaintiff's complaint be dismissed with prejudice, and that her motion for appointment of counsel (dkt. no. 3) be denied as moot.

### III.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED** for

---

[3]  See Georges v. Rathner (DNH/DJS), 1:17-CV-1276; Georges v. Duchene (DNH/DJS), 1:17-CV-86 (dismissed for failure to comply with Court's Order); Georges v. Schneiderman (BKS/DJS), 1:17-CV-524 (dismissed for failure to state a claim); Georges v. Gov. Tower VA, 1:17-CV-1244 (TJM/ATB); recommendation pending for dismissal with prejudice for failure to state a claim and frivolity); Georges v. Rathner (BKS/DJS) 1:17-CV-1245 (recommendation for dismissal with prejudice pending); Georges v. Cuomo (TJM/DJS), 1:17-CV-1247 (recommendation for dismissal with prejudice pending); Georges v. Hatser, 1:17-CV-1242 (GTS/CFH) (recommendation for dismissal with prejudice pending).

purposes of filing only; and it is

      **RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **dismissed sua sponte with prejudice**, and it is

      **ORDERED**, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) be **DENIED** as moot; and it is further

      **ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

      **IT IS SO ORDERED.**

      Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 22, 2017
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge